JOSEPH H. MILLARD, TRUSTEE AND MORTGAGEE OF THE OMAHA HORSE RAILWAY COMPANY, PLAINTIFF IN ERROR, V. ALFRED BURLEY, DEFENDANT IN ERROR.

**Mortgage.** In a contract between the trustee of a mortgage and certain creditors of a railroad company, *Held*, The property levied upon was not included in the mortgage. LAKE, CH.J., dissenting.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

*George E. Pritchett,* for plaintiff in error.

The act incorporating the company authorized it to mortgage its franchise. In such case the road becomes an indivisible entire thing, and a mortgage of its property covers everything used in operating the road. *Pierce v. Emery,* 32 N. H., 484.. *Phillips v. Winslow,* 18 B. Mon., 431. *Willinck v. Morris Canal Co.,* 3 Green (N. J. Eq.), 377. *Phila., &c., R. Co. v. Wollper,* 64 Pa. St., 366. *Galveston v. Cowdrey,* 11 Wall., 459. *Ludlow v. Heard,* 1 Disney (Ohio), 552. While some of the articles replevied in this action are not described, *eo nomine,* in the description in the mortgage, we claim they are covered by the phrases, "other appurtenances belonging to or connected therewith," and "the franchise of said company, with all the rights, privileges, and property pertaining thereto." The articles all pertained to the franchise or were appurtenant to the road. See Webster's definition of "appurte-

nance." *Blake v. Clark*, 6 Greenleaf, 436. *Parsons v. Camp*, 11 Conn., 525. *Veazie v. Somerby*, 5 Allen, 285.

*John I. Redick* and *W. J. Connell*, for defendant in error.

MAXWELL, J.

In 1872 the Omaha Horse Railway Company executed a mortgage to the plaintiff in trust to secure its bonds in the sum of $20,000. The mortgage was duly recorded. The property mortgaged was as follows: "Lots one and two in block 206½ in the city of Omaha, together with the stable and all other structures and improvements thereon. Also the road-bed of said company, now or hereafter to be constructed, including all the ties, iron, side tracks, turntables, and other appurtenances belonging to or connected therewith; also all one-horse cars of the said company, either now owned or hereafter to be acquired by said company; also the franchise of said company, with all the rights, privileges, and property pertaining thereto." The mortgage contained a provision that in case of default the trustee should have the right to immediate possession of the property.

In October, 1877, a judgment for $4950 was recovered against the railway company, and about the first day of February, 1878, an execution was issued on the judgment, and levied by the defendant upon the following described property of the company, viz., 1 stovepipe and zinc board, 2 revolving chairs, 4 office chairs, 2 bedsteads and bedding, 5 window curtains and fixtures, 2 coal scuttles, 1 city map, 1 state map, 1 tin safe, 4 one-horse railroad cars and accoutrements, 8 car-poles and doubletrees, 2 pairs car wheels and axles, hay in mow estimated at three tons, 1 lot of straw estimated at 1000 pounds, about 120 bushels of corn, 400 bushels of oats, 1 cutting-box, 1 feed mill, 1 corn sheller, 1 lot bran estimated at 2000 pounds, 6 lanterns, 1 part barrel of lubricating oil, 1 saddle, 1 rake, 4

forks, 1 scoop shovel, 1 clock, 1 ash bucket, 1 table, 1 wood-box, 2 jack-screws, 12 old car wheels, 1 set of wagon harness, 1 lot of old lumber, 1 temporary turn-table, 1 lot old and new horse shoes, 1 lot old iron, 3 sets doubletrees, and 1 lot of old chairs. Default being made in the payment of the amount due on the mortgage, the trustee demanded possession of the property levied upon by the defendant, which, being refused, he brought this action to recover the same. Upon the trial of the cause the court instructed the jury that the plaintiff was "entitled to 4 one-horse railroad cars and accoutrements, the 8 car poles and doubletrees, the turn-tables," and that all the remaining property levied upon was not covered by the plaintiff's mortgage. The jury returned a verdict in accordance with the instructions of the court, upon which judgment was rendered. The plaintiff brings the cause into this court by petition in error. The sole question before the court is, is the property levied upon described in the plaintiff's mortgage? In our opinion the instruction of the court is correct, and none of the property levied upon, except that released, was embraced in the plaintiff's mortgage. This is a contest between creditors, and the mortgagee is entitled to nothing which is not embraced within the terms of his mortgage. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

LAKE, CH. J., dissents.